UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GASPAR MANUEL SEBASTIAN,

      Petitioner,

    v.

Case No. 2:26-cv-731-KCD-NPM

ASSOCIATE DIRECTOR MARCOS
CHARLES, INTERIM DIRECTOR
JUAN AGUDELO, CHARLES
WALL, ATTORNEY GENERAL
PAMELA BONDI, KRISTI NOEM,
ACTING DIRECTOR TODD M.
LYONS, SHERIFF DAVID
HARDIN, JOHN DOE,

      Respondents.

_____/

## **ORDER**

Petitioner Gaspar Manuel Sebastian is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying emergency motion for temporary restraining order (Doc. 2).[1] He asks this Court to intervene quickly. Specifically, he seeks an order preventing the Government from removing him from the United States—or even moving him to another facility—without the Court's permission while his habeas petition is pending. According to Sebastian, without this pause

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

button, the Government might whisk him away and deprive him of a chance to litigate this case. (*Id.* at 5.)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Sebastian's underlying habeas petition raises substantive arguments that are not easily dismissed. But having a good argument is not alone enough for a TRO—he must also seek a remedy that the Court can give. *See, e.g., Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive relief an applicant requests must relate to the claims brought in the complaint."). The fundamental stumbling block here is the relief Sebastian now requests.

First, he asks the Court to intervene and stay his removal from the United States. (Doc. 2 at 2.) But the Immigration and Nationality Act

2

contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Sebastian—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021).

Staying Sebastian's removal would be to forbid the executive from doing what § 1252(g) says we cannot interfere with. "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018

WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018). Because § 1252(g) removes this Court's power to act, Sebastian's request to enjoin removal from the United States must be denied. *See, e.g.*, *Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

Sebastian also makes a more modest request—enjoin the Government from transferring him to a different facility without the Court's approval. (Doc. 2 at 2.) The answer is similarly no. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Sebastian's transfer is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

While the Court takes Sebastian's underlying liberty claims seriously, the specific stopgap measures he requests are either beyond our reach or beside the point. Accordingly, his Motion for Temporary Restraining Order

4

(Doc. 2) is **DENIED**, and the case will proceed to a review of the merits of the

habeas petition.

ORDERED in Fort Myers, Florida on March 17, 2026.

Kyle C. Dudek
United States District Judge

5